Argued July 11; reversed September 18, 1934

# CALCO TILE MFG. CORPORATION *v.* FIELD ART TILE CO., INC.

### (35 (2d) 692)

*Wilber Henderson,* of Portland, for appellant.

No appearance for respondent.

BELT, J. Plaintiff commenced this action to recover for goods sold and delivered to the defendant between the 9th day of October, 1928, and the 31st day of October, 1930, aggregating $701.13. A balance of $341.48 is alleged to be due and owing.

Defendant in its answer denies all the allegations relative to the sale and delivery of the goods, "except as is otherwise qualified, explained, or admitted".

Further, the defendant admits that it "paid to the plaintiff the sum of $701.13, together with other sums". As a further affirmative answer and counterclaim the defendant alleges that, during the month of February, 1928, it purchased certain decorating and art tile from plaintiff to be used in the construction of a dwelling house and that the same was unfit for the purpose for which it was intended. For this alleged breach of warranty the defendant asks damages in the sum of $195.09. The second affirmative answer and counterclaim sets forth a similar cause of action based upon a breach of warranty covering tile sold by plaintiff to defendant during October, 1927, wherein damages are alleged to have been sustained in the sum of $827.70. As a third affirmative answer and counterclaim the defendant alleges that it purchased from plaintiff between the 28th day of September, 1928, and the 1st day of April, 1930, certain material amounting in the aggregate to the sum of $378.48 and that defendant paid to plaintiff such sum. Defendant alleges that, after the receipt of the material, it was found to be of inferior quality and workmanship and that it notified plaintiff that the same was being held subject to its order. Defendant tenders the merchandise to plaintiff and demands the amount paid therefor. The fourth affirmative answer and counterclaim is based upon a breach of warranty arising out of a sale of goods from the plaintiff to the defendant in September, 1928. In this cause of action the defendant asks damages in the sum of $105. In the fifth affirmative answer and counterclaim the defendant asks damages in the sum of $90 for an alleged breach of warranty on account of goods sold by plaintiff to the defendant during the month of September, 1929.

In all these affirmative answers and counterclaims the defendant alleges that, during the time it purchased the goods, wares and merchandise, the plaintiff was operating under various names, namely, California Clay Products Company, Calco Clay Products Company, and Calco Tile and Manufacturing Corporation, "and was and is now engaged in the business of manufacturing and selling decorating and art tile products".

After setting forth the counterclaims above mentioned, the defendant in what is termed an "offset and counterclaim" alleges "that for some considerable time prior to the first day of April, 1930, the defendant had been purchasing from the plaintiff goods, wares and merchandise on an open account and on the 1st day of April, 1930, there was a balance due and owing from the defendant to the plaintiff, exclusive of the counterclaims heretofore alleged the sum of $208.48 and no more; that all of the merchandise referred to in the counterclaims as heretofore alleged was merchandise purchased from the plaintiff; that defendant waives claim to such amount found due plaintiff in excess of $1,000". The defendant thus prays, "* * * that plaintiff be allowed on its complaint not in excess of $208.48, and that said amount be offset against the amounts found due and owing from the plaintiff to the defendant, viz: on defendant's first counterclaim the sum of $195.09; on defendant's second counterclaim the sum of $827.70; on defendant's third counterclaim the sum of $378.48; on defendant's fifth counterclaim the sum of $90, and that defendant have judgment for the balance over and above said amount not in excess, however, of $1,000, and for defendant's costs and disbursements herein incurred".

Plaintiff, in its reply, denies any breach of warranty covering tile sold to the defendant and also that

it had any connection with any other company, firm, or corporation bearing a similar name, as alleged by the defendant. As a further reply to these various counterclaims the plaintiff alleges that among tile manufacturers there exists no warranty as to the durability of tile after its installation and that this custom was known to the defendant at the time of the purchase of the goods.

On these issues the cause was submitted to a court without a jury. The following findings of fact were entered:

"I.

"That defendant has admitted that it owed to the plaintiff on April 1, 1930, the sum of $208.48, the agreed price for tile sold and delivered to the defendant by the plaintiff.

"II.

"That the Calco Tile Manufacturing Corporation is the successor of the California Clay Products Company and commenced business with the defendant on October 9, 1928, and that it did not assume any of the accounts, claims or liabilities of the California Clay Products Company.

"III.

"That the counterclaims alleged in defendant's first, second, third and fourth affirmative defense arose out of purchases made by the defendant from the California Clay Products Company and not from the Calco Tile Manufacturing Corporation.

"IV.

"That the defendant. has been duly paid for the Dady job, the basis of the fifth counterclaim, and that there is no proof of damage in connection with that job.

"V.

"That the alleged defects in the jobs upon which all defendant's counterclaims are based arose from crazing of tile against which there is no guarantee

according to the custom in the tile trade. That there was no implied warranty of fitness in so far as crazing is concerned between the parties."

Based upon these findings, the court entered judgment against the defendant in the sum of $208.48. Defendant appeals.

The admission that defendant owed plaintiff, on April, 1930, the sum of $208.48—which is the basis of the trial court's findings—was premised on the assumption that the California Clay Products Company, the Calco Clay Products Company, and the Calco Tile Manufacturing Corporation were one and the same legal entity. During the trial it developed that these companies were separate and distinct legal entities. The plaintiff failed to offer evidence of the alleged sale to the defendant. Hence we think it was error to enter judgment against the defendant based upon the above admission. While the answer is not a model pleading, we think it is clear that this admission related to an account different from the one alleged in the complaint. It is believed that the interests of justice will be best subserved by reversing the judgment and remanding the cause for a new trial. Defendant is entitled to file an amended answer if it so desires.

RAND, C. J., and ROSSMAN, J., concur.

KELLY, J., dissents.